UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILFREDO POLANCO,

                                 Plaintiff,

                     Memorandum and Order

            -vs-

                     03-CV-6661-CJS(F)

WILLIAM J. HOPKINS, *et al.*,

                              Defendants.
_____

      Plaintiff filed a motion for a preliminary injunction on August 8, 2005, seeking an Order directing the Department of Correctional Services to return his legal papers to him. The Court issued a motion scheduling order on August 19, 2005, directing that any responding papers be filed by August 26, 2005, and that the Court would issue a written decision after August 29, 2005. To date, no responding papers have been filed.

      "A party seeking injunctive relief ordinarily must show: (a) that it will suffer irreparable harm in the absence of an injunction and (b) either (i) likelihood of success on the merits or (ii) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor." *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33 (2d Cir.1995). In his motion, plaintiff has not explained the papers not returned, and how their loss has hindered his access to this Court and the prosecution of this lawsuit. *See Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir.2003) (legal materials are merely the instruments for presenting grievances to a court; their loss is not enough standing alone to establish a hindrance of a legal claim). His application has not met the purposely high legal threshold for injunctive relief.

According, plaintiff's application for a preliminary injunction is denied without prejudice.

IT IS SO ORDERED.

Dated: August 30, 2005
       Rochester, New York

                    ENTER:


                            /s/ Charles J. Siragusa
                            CHARLES J. SIRAGUSA
                            United States District Judge