**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

WILFREDO POLANCO,

                              Plaintiff,

                        MEMORANDUM AND
-vs-                          ORDER

WILLIAM J. HOPKINS, *et al.*,             03-CV-6661-CJS(F)

                            Defendants.

---

      On October 25, 2005, the Court entered a memorandum and order (filed on October 27, 2005 as docket No. 48) denying plaintiff's motion (# 46) for injunctive relief. On October 27, after the order had been docketed, the Court received a letter from plaintiff which the Court construed both as a motion to reargue the original application for injunctive relief, and a new application for a preliminary injunction. (Memorandum and Order, *Polanco v. Hopkins*, No. 03-CV-6661 (Oct. 31, 2005) (# 51), at 1.) On November 4, 2005, the Court's order denying the new application and reargument was filed. (*Id*.) Now before the Court is plaintiff's motion (# 53) for reconsideration pursuant to Federal Rule of Civil Procedure 46 and 60(b). Familiarity with the issues and facts will be presumed.

      In his latest motion for reconsideration, plaintiff asserts that he has administratively exhausted the underlying complaint forming the basis for injunctive relief, and he makes an additional claim that, "prison officials to [sic] made serious threat agasint plaintiff's [sic] to try made [sic] contact with other unknown staff employee at this facility." (Pl.'s Mot. (# 53) at 1-2.) One of the grievances attached, which plaintiff appealed to the Central Office Review Committee ("CORC"), states that he is being harassed by a prison guard on July 4, 2005. CORC upheld the Superintendent's determination in that grievance and three others, which it consolidated for appeal, and stated that since the accused employee denied the allegation, plaintiff had not substantiated his claim. Also attached to plaintiff's motion papers

is a copy of the August 2, 2005 investigation report by Sergeant M. Skelly on plaintiff's grievance. Sergeant Skelly wrote that plaintiff related to him an allegation that in 1991, Correction Officer Brzezniak beat him while at Attica Correctional Facility and that a State court judge ordered that plaintiff and Brzezniak not be in the same correctional facility. Sergeant Skelly reported that plaintiff saw Brzezniak in the mess hall at Wende Correctional Facility on July 13, 2005, and approached him to say that plaintiff and he were not supposed to be in the same correctional facility. Plaintiff then stated, according to Sergeant Skelly's report, that Brzezniak replied, "who are you, I don't even know you." Sergeant Skelly asked plaintiff whether Brzezniak had threatened him, to which plaintiff, according to the report, replied that he had not.

Although plaintiff need not wait until he has suffered a tragic event in order to be entitled to injunctive relief, *Farmer v. Brennan*, 511, U.S. 825 (1994), he must be able to show a real threat of future violations of his rights by a party, or person acting in concert with, or at the direction of a party. *See United States v. Oregon Med. Soc'y.*, 343 U.S. 326, 333 (1952). Plaintiff has failed to make such a showing.

Accordingly, plaintiff's motion (# 53) for reconsideration is granted, and after reconsideration, the Court affirms its prior decision.

IT IS SO ORDERED.

Dated:   February 27, 2006
        Rochester, New York

                ENTER:

                          /s/ Charles J. Siragusa
                          CHARLES J. SIRAGUSA
                          United States District Judge