## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

___

WILFREDO POLANCO,

                                Plaintiff,

                                                     DECISION AND ORDER
                         -vs-

WILLIAM J. HOPKINS, *et al.,*                             03-CV-6661-CJS(F)

                                Defendants.

___

**APPEARANCES**

| | |
|---|---|
| For plaintiff: | David M. Tang, Esq. |
| | Harris Beach LLP |
| | 99 Garnsey Road |
| | Pittsford, NY 14534 |
| | (585) 419-8800 |
| For defendants: | J. Richard Benitez, A.A.G. |
| | New York State Attorney General's Office |
| | 144 Exchange Boulevard, Suite 200 |
| | Rochester, NY 14614 |
| | (585) 546-7430 |

**INTRODUCTION**

      **Siragusa, J.**  Before the Court are defendant's motion seeking a determination that plaintiff is not entitled to *in forma pauperis* status as a result of the three-strike rule in 28 U.S.C. § 1915(g), and plaintiff's cross-motion to declare that rule unconstitutional, as well as to enforce plaintiff's request for the production of documents, dated December 27, 2006. For the reasons set forth below, the Court grants defendants' motion, unless plaintiff pays the appropriate filing fee within 30 days of the docketing of this Decision and Order.

**BACKGROUND**

On December 29, 2003, plaintiff, who is a prisoner within the New York State Department of Correctional Services ("DOCS"), filed a civil rights complaint pursuant to 28 U.S.C. § 1983 alleging that his Eighth Amendment constitutional rights had been violated. At the time plaintiff commenced his lawsuit, he was housed at the Auburn Correctional Facility ("Auburn"). (Am. Compl. ¶ 3.) Plaintiff asserts two claims based on the following: (1) that on October 10, 2002, he was exposed to mold in a shower; and (2) that in March and June of 2003 he was unjustly punished for disciplinary infractions.(Am. Compl., at 5, 10.)

Subsequently, on July 19, 2004, plaintiff's filed an amended complaint alleging that he has Acquired Immune Deficiency Syndrome and is suffering from prolonged skin infections, fungus in the finger, "immune cold," and experienced and is experiencing serious weight loss. He also alleges that he is exposed to harmful germs and opportunistic infections (which may cause death at a faster rate). In addition, he contends in his moving papers, that defendants' deliberate indifference to his health and nutritional wellbeing has caused him to suffer from wasting syndrome and that, together, plaintiff's allegations sufficiently allege "imminent danger" to except him from the "three-strikes" provision of 28 U.S.C. § 1915(g).

Plaintiff is an experienced litigator. In the past few years, he has had over three lawsuits or appeals dismissed as frivolous. Those include the following:

1. *Polanco v. Selsky*, 9:02-CV-00680-LEK-RFT (N.D.N.Y. Sep. 29, 2004). The district court granted summary judgment to defendants on September 29, 2004. Plaintiff appealed (See Docket Entry 95, Notice of Appeal dated Oct. 19, 2004), and the Court of Appeals for the Second Circuit affirmed. *Polanco v. Selsky*, No. No. 04-5716-PR, 142 Fed.

Appx. 538, 2005 U.S. App. LEXIS 19529 (2d Cir. Sept 7, 2005). Significantly, in its opinion affirming the award of summary judgment to defendants, the Second Circuit noted that

> it heard ten appeals from Polanco since 1987, three of which followed a warning, issued in July 2000, against filing future frivolous appeals. At least five of these appeals (including two since the warning) were dismissed as frivolous, and none of them were meritorious.

*Id*. at *2 n.1 (emphasis added). Consequently,"[i]n light of the numerous frivolous claims Polanco has filed in the past, and the warning that he has received and disregarded" the Second Circuit ordered Polanco "to show cause, within twenty days of the entry of [its] order, why he should not be enjoined from filing any papers in this court without first obtaining the permission of this court" *Id*.

2.  *Polanco v Lewis*, No. 6:96-CV-01426-LEK-DRH (N.D.N.Y. Jan. 23, 1999): The district court granted summary judgment and certified that "an appeal from this decision would not be taken in good faith." (Decision and Order (# 66), No. 6:96-CV-01426-LEK-DRH, Jan. 23, 1999.) Plaintiff then appealed. The Court of Appeals for the Second Circuit denied Polanco's motion for *in forma pauperis* status, and dismissed the appeal "as frivolous within the meaning of 28 U.S.C. § 1915." (Judgment of USCA (# 70), No. 6:96-CV-01426-LEK-DRH, Jan. 31, 2000.)

3.  *Polanco v. Allan*, No. 9:93-CV-0148-TJM-RWS (N.D.N.Y. Apr. 4, 2002). According to the docket, the Second Circuit dismissed plaintiff's appeal of the district court's order denying him a retrial "because of lack of an arguable basis in fact or law." (Mandate of USCA, Nos. 00-215 and 01-221 (Docket # 181).)

4.  *Polanco v. Greifinger*, No. 93-CV-6300-CJS (W.D.N.Y. Jul. 28, 2000). Plaintiff's appeal of this Court's order granting summary judgment to defendants was dismissed by the Second Circuit as frivolous. (Mandate of USCA, Docket # 95, Jul. 28, 2000, "denying

Appellant's motion for Assignment of Counsel and dismissing Appeal because it lacks an arguable basis in law or fact. Appellant has also been cautioned that filing any further submissions in this Court may result in sanctioning.").

5.  *Polanco v. McClellan*, No. 95-CV-06129-CJS (W.D.N.Y. Jul. 31, 2000). Once again, plaintiff's appeal was dismissed as lacking in any arguable basis in fact, and plaintiff was cautioned that any future frivolous submissions could result in sanctions. (Mandate of USCA, Docket # 42, Jul. 31, 2000.)

## STANDARDS OF LAW

*28 U.S.C. § 1915(g)*

Section 1915(g) bars prisoners from proceeding *in forma pauperis* after three or more previous claims or appeals they filed have been dismissed as frivolous, malicious or for failure to state a claim. *See Adams v. Spitzer*, No. 02-CV-853 (N.D.N.Y. Sept. 4, 2003) (Report and Recommendation adopted Sept. 29, 2003). The statute specifically provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (1996) (added by Pub. L. 104-134, H.R. 3019). The Seventh Circuit has held that if an action is dismissed as frivolous and the inmate files an appeal which is also dismissed as frivolous, he has incurred two strikes. *Newlin v. Helman*, 123 F.3d 429 (7th Cir. 1997), *cert. denied sub nom. Robinson v. Smith*, 118 S. Ct. 707 (1998), *overruled on other grounds Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). The court reasoned that under

the language of section 1915(g), "bringing an action and filing an appeal are separate acts." *Id.*, at 433.

*Federal Rule of Civil Procedure 5.1*

The Federal Rules of Civil Procedure, provide in Rule 5.1, that a party challenging a statute as unconstitutional provide notice to the Attorney General. Thereafter, the Court, "must, under 28 U.S.C. § 2403, certify to the Attorney General of the United States that there is a constitutional challenge to a federal statute, or certify to the state attorney general that there is a constitutional challenge to a state statute." Fed. R. Civ. P. 5.1(c). The Attorney General then has at least 60 days to seek to intervene following the Court's certification. The Court may, in the interim, reject the challenge, but may not enter a final judgment holding the statute unconstitutional.

## DISCUSSION

The parties do not dispute that the three-strikes rule, if applied, would bar plaintiff's current *in forma pauperis* lawsuit. 28 U.S.C. § 1915(g) ("[i]n no event shall a prisoner bring a civil action...."). In arguing against the application of § 1915(g), plaintiff asserts that his situation fits within the exception built into the statute's bar for "imminent danger of serious physical injury." He also argues that in any event, to apply the bar against him would be unconstitutional for two reasons. First, plaintiff maintains that applying the Second Circuit's "time of filing" interpretation of § 1915(g)'s "imminent danger of serious physical injury" clause would violate his Equal Protection rights under the Fifth Amendment. Second, he contends that § 1915(g) fails strict scrutiny if it requires imminent danger at the time of filing (the "time-of-filing interpretation"), because the statute would be overbroad.

With regard to plaintiff's first argument, the Second Circuit has clearly ruled that the imminent danger clause refers to the time the lawsuit is filed:

> We agree with our sister circuits that § 1915(g) allows prisoners to escape the three strikes rule only if "the prisoner *is* under imminent danger of serious physical injury." (emphasis added). Because § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed. Further, "by using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred." *Abdul-Akbar*, 239 F.3d [307] at 315 [3d Cir. 2001]. Accordingly, the language of § 1915(g) makes clear that the 'imminent danger' exception only applies to danger existing at the time the complaint is filed.

*Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). Consequently, the Court must determine whether plaintiff's complaint makes it clear that he was in imminent danger at the time he filed his lawsuit. The original complaint was filed on December 29, 2003, and the proposed amended complaint was filed on July 19, 2004. For the purpose of the present motion, the Court will consider the facts alleged in the amended complaint, since it superseded and completely replaced the original complaint. (Order, *Polanco v. Hopkins*, No. 03-CV-6661 (Dec. 14, 2004) (Docket No. 23).)

Plaintiff relies on the allegations in the amended complaint at pages six through eight to support his argument that he alleged imminent danger then. When he filed the amended complaint, plaintiff alleged that he was residing at Auburn Correctional Facility. (Am. Compl., at 1.) The First Claim involves an incident that plaintiff dates as occurring on October 10, 2002, and with respect to which he alleges:

> petitioner is [sic] serve complaint to challenge some Hygiene [sic] black mold upon the Gym shower or fied [sic] house shower. When this black mold is contaminate [sic] serious harm, when he suffers from chronic illness Acquired Immune Deficiency Syndrome disease every each [sic] day. For what ever reason his have [sic] take shower inside Gym shower him [sic] have breathing dirty air stink bad condition, there is black mold cause me serious harm, to relate itch a burning inside his [sic] foot, include fungus inside finger and immune cold [sic].

(Am. Compl., at 5.) He elaborates on this claim in an attached page to the amended complaint, stating that defendants "failure [sic] to protect his health a[nd] safety, because the reason he will not catch other serious illness disease from bad condition black mold." (Am. Compl., at 6.) He further alleges that defendants ignored the black mold condition for more than one year and that since he suffers from AIDS or "Hepatitic [sic] B," their failure to remedy the mold situation "constitutes abuses of authority intentionally a malicious of cause me physical injury. . . ." (Am. Compl., at "Continued of First Claim.")

What is unclear, however, is whether this moldy shower is at Auburn, or at the Elmira Correctional Facility ("Elmira"), because in the First Claim, plaintiff does not specify the location. However, in the portion of the form complaint asking him to state the relief sought, he wrote, "petitioner's is [sic] Request [sic] the Court must to take [sic] either photograph inside some gym shower, and field-house shower at Elmira Correctional Facility." (Am. Compl., at 5.) Although plaintiff's English is difficult to understand, the Court interprets that request to be a reference to Elmira, since he is asking for photographs of the Elmira shower. Therefore, the Court determines that, while housed at Auburn, plaintiff file a complaint about a moldy shower at Elmira. This, of course, would not constitute imminent danger.

In his Second Claim, plaintiff alleges that on March 9, 2003, one defendant "wrote the wrong charge of misbehavior report on June 3, 2003." (Am. Compl., at 6.) In a paragraph labeled, "Continued of second claim," plaintiff contends that on March 25, 2003, he was denied a "keeplock shower" as a result of what he claims was retaliation by a corrections officer. He further contends that one corrections officer, who escorted him back to his cell after a Tier III hearing on March 25, 2003, called him stupid and "threaten my life to beating my body." In the same paragraph, he further alleges that

> this facility has violation [sic] his constitutional of [sic] rights, because the reason absolute he was deprive [sic] hygiene include (1) soap, toothpaste, shampoo, [P]almolive shave, skin lotion, from commissary. Which [sic] was confinement upon the 30 day penalty, inmate are entitled buy only stamps, on March 27, 2003. . . . Moreover, during his illegal confinement to the Special Housing Unit, SHU." [sic] While confined in the Special Housing Unit petitioner loss [sic] weight due to the fact that his dietary requirements were not met in reprisal for his alleged actions.

(Am. Compl., "Continued of second claim" (unnumbered pages following page 5).) Even construing this portion of plaintiff's amended complaint in the light most favorable to him, the Court cannot find that the allegations support a determination that he was in imminent danger at the time the amended complaint was filed.[1] Accordingly, the Court concludes that plaintiff has not met the requirement of the imminent danger exception to the "three strikes" rule. *See, e.g., McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998) ("The exception does not apply on the facts of this case. Plaintiff's complaint does not allege that he is in imminent danger of serious physical injury, nor could he make such an allegation on the facts asserted in this complaint, none of which involve his present incarceration.").

The Court will now turn to plaintiff's constitutional arguments. As indicated earlier, he first maintains that construing the imminent danger exception as of the time of the filing of the complaint, and not as of the time of the acts alleged in the complaint, violates his Equal Protection guarantee under the Fifth Amendment. The Fifth Amendment does not

---

[1] The Northern District made the same determinations in a case plaintiff filed alleging, "(1) denial of a high calorie diet that resulted in Polanco's serious weight loss; (2) cruel and unusual punishment; (3) exposure to a dangerous black mold; and (4) denial of equal protection." On the weight loss claim, the court also noted that, "Polanco previously filed a similar claim but was unsuccessful. *See Polanco v. Dworzack*, 25 F. Supp. 2d 148, 149 (W.D.N.Y.1998) (alleging that 'defendants refused to provide him with a high-calorie, high-protein, dietary supplement, and that as a result, he lost weight and experienced a drop in his 'T-cell count.' ")." *Polanco v. Burge*, No. 9:05-CV-0651 (LEK/DRH), 2006 WL 2806574, *1 & n.2 (N.D.N.Y. Sep. 28, 2006).

itself contain any equal protection language, but, as the Second Circuit pointed out in *Skelly v. INS*, 168 F.3d 88 (2d Cir. 1999):

> there is a well-established equal protection component to the Fifth Amendment Due Process Clause applicable to the federal government. See *Bolling v. Sharpe*, 347 U.S. 497, 499 (1954); *Furlong v. Shalala*, 156 F.3d 384, 392 (2d Cir. 1998). Accordingly, even though the Fifth Amendment itself—unlike the Fourteenth—does not contain any specific equal protection language, the INS and the statutory authority under which the INS acts must still comport with equal protection principles.

*Skelly*, 168 F.3d at 91. Plaintiff argues that a "time-of-filing interpretation closes the courthouse door to indigent prisoners with three or more strikes who do not manage to file their federal actions during the difficult, and often fleeting, time that they are in imminent danger of serious physical injury." (Pl.'s Mem. of Law, at 11.) Here, the Court has found that plaintiff's complaint does not raise *any* allegation that could be considered showing him in imminent danger, since he was no longer being exposed to the moldy shower, and the other claims he made did not show imminent danger at all. The clear precedent from the Second Circuit in *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002), and the cases cited in *Malik* from the Third, Fifth, Eighth and Eleventh Circuits, all provide for the same time requirement. That is, the imminent danger must exist at the time of the filing.

Moreover, the Ninth[2] Circuit addressed § 1915(g)'s constitutionality with regard to the Equal Protection guarantees of the Fifth Amendment in *Rodriguez v. Cook*, 169 F.3d 1176 (9th Cir.1999). The circuit court thoroughly analyzed the statute and concluded that it was not unconstitutional:

---

[2] The Court's research did not find any Second Circuit case directly on point. In *Welch v. Galie*, 207 F.3d 130, 132 (2d Cir. 2000), however, the Court of Appeals agreed with its "sister circuits' analyses and, accordingly, join those circuits in holding that pre-§ 1915(g) dismissals for frivolousness, maliciousness, or failure to state a claim count as 'strikes' for purposes of § 1915(g)."

> Rodriguez argues that § 1915(g) should be held unconstitutional because (1) it violates Fifth Amendment Equal Protection rights, (2) it constitutes an *ex post facto* law, and (3) it violates separation of powers. We disagree with Rodriguez's argument and hold that § 1915(g) does not violate any of the specified constitutional provisions.

*Rodriguez*, 169 F.3d at 1178. The Ninth Circuit also observed that

> two circuit courts have specifically addressed whether § 1915(g) violates a prisoner's access to the courts. Both courts have found the three strikes rule to be constitutional. In *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997), the Fifth Circuit held that the three-strike rule does not violate the Fifth Amendment due process clause because it does not prohibit prisoners from filing a lawsuit, it only denies them IFP status. Likewise, in *Rivera v. Allin*, 144 F.3d 719, 723-24 (11th Cir. 1998), the Eleventh Circuit held that IFP status is a privilege, not a right, and that § 1915(g) does not unconstitutionally burden a prisoner's access to the courts.

*Rodriguez*, 169 F.3d at 1179. The *Rodriguez* decision further noted that,

> Seven circuits have addressed the related issue of whether requiring prisoners to pay fees violates a prisoner's access to the courts. *See Tucker v. Branker*, 142 F.3d 1294, 1297 (D.C. Cir. 1998); *Lucien v. DeTella*, 141 F.3d 773 (7th Cir. 1998); *Shabazz v. Parsons*, 127 F.3d 1246, 1248-49 (10th Cir. 1997); *Norton v. Dimazana*, 122 F.3d 286, 289-91 (5th Cir. 1997); *Nicholas v. Tucker*, 114 F.3d 17, 21 (2d Cir. 1997); *Roller v. Gunn*, 107 F.3d 227, 231-33 (4th Cir. 1997); *Hampton v. Hobbs*, 106 F.3d 1281, 1284-86 (6th Cir. 1997). All seven have held that requiring prisoners to pay a filing fee does not deny a prisoner effective access to the courts.

*Rodriguez*, 169 F.3d at 1179. Based on *Malik* and *Rodriguez*, this Court concludes that the requirement that imminent danger exist at the time of filing is not unconstitutional.

As to plaintiff's second argument, that § 1915(g) is unconstitutional because it is overbroad, the Court also disagrees. Again, such conclusion is at odds with *Malik* and *Rodriguez*.

## CONCLUSION

Plaintiff has repeatedly taken appeals which have been dismissed as frivolous. As the Northern District of New York stated, in *Polanco v. Burge*, No. 9:05-CV-0651 (LEK/DRH), 2006 WL 2806574, *2 (N.D.N.Y. Sep. 28, 2006) (citation omitted), "[w]hen a court becomes aware of three prior strikes only after granting IFP status, it is appropriate to revoke that status and bar the complaint under § 1915(g )." Accordingly, since the Court finds that plaintiff's amended complaint does not meet the imminent danger exception to the "three strikes" rule of 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis*. The Court, therefore, revokes its previous determination permitting plaintiff to proceed *in forma pauperis* and grants defendants' motion to dismiss (# 80), unless, within **30 days** from the date this Decision and Order is docketed, plaintiff pays the requisite filing fee, which at the time his complaint was originally filed, was $150.00. Plaintiff's Supplemental Request for Documents Following Deposition (# 79) is denied.[3]

IT IS SO ORDERED.

Dated: March 19, 2007
       Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[3] The Court is grateful to *pro bono* counsel for having so carefully presented plaintiff's case to it and zealously arguing against dismissal with a scholarly memorandum advocating a constitutional determination in plaintiff's favor.